Law Office
**Thomas M. Tarpley, Jr.**
A Professional Corporation
,American Life Building
137 Murray Boulevard Suite 201
Hagatna, Guam 96910-5104
Telephone: (671) 472-1539
Fax: (671) 472-4526

*Of Counsel:*
**Ron Moroni**

251.5

**FILED**
DISTRICT COURT OF GUAM

FEB 1 2 2002

MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| JERRY J. EDWARDS, )<br><br>Plaintiff, )<br><br>v. )<br><br>SECRETARY OF THE NAVY, )<br>GORDON R. ENGLAND, )<br><br>Defendant. ) | CIVIL ACTION NO. **02-00003**<br><br><br>**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; DEMAND FOR JURY TRIAL** |

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5(g). Equitable and other relief are also sought pursuant to 42 U.S.C. §2000-5(g).

ORIGINAL

2. Plaintiff, Jerry J. Edwards, is a citizen of the United States and resides at c/o Kae Takada, 3-11-4 Nakazawa Agahi-Ku, Yokohama, Japan 241-0814.

3. Defendant, Gordon R. England is the Secretary of the Navy, whose office is at NAVCARD Code DP8, 3801 Nebraska Avenue, N.W., Washington, D.C. 20393-5451.

4. Prior to January 1999, Plaintiff was employed by the Department of the Navy at the Morale, Welfare, and Recreation Department, as a recreation aide at the Thew Gymnasium, Yokosuka Naval Base, Commander Fleet Activities, Yokosuka, Japan.

5. On or about February 1999, Defendant agency barred Plaintiff from entry on the Yokosuka Naval base, resulting in Plaintiff's loss of employment. The debarment was based on the recommendation of Assistant Security Officer Master Chief S.B. Moore. This action subsequently led to Plaintiff being barred from other U.S. military installations preventing Plaintiff from finding similar employment.

6. Plaintiff filed charges against the Defendant with the Equal Employment Opportunity Commission charging Defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about April 23, 1999.

7. Defendant agency issued a final order on Plaintiff's EEO complaint on November 14, 2001, which was received by Plaintiff

Jerry J. Edwards v. Secretary of the Navy, Gordon R. England
COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;
DEMAND FOR JURY TRIAL

-2-

Case 1:02-cv-00003    Document 1    Filed 02/12/2002    Page 2 of 22

several days later, a copy of which notice is attached to this complaint as Exhibit A.

8. Because of Plaintiff's race (African-American), color (Black), and as retaliation for a prior EEO complaint Defendant issued the debarment described above. Such acts constituted a personnel action made on the basis of racial discrimination.

9. The circumstances under which the Defendant discriminated against Plaintiff were as follows: The debarment was racially motivated and further done in retaliation because of an earlier EEO complaint filed by Plaintiff.

10. The acts set forth in paragraph 9 of this complaint are still being committed by Defendant.

11. Plaintiff attaches to this complaint a copy of the the EEO Decision issued by the Equal Employment Opportunity Commission which was issued pursuant to §1614.109(l). (Exhibit B)

WHEREFORE, Plaintiff prays that the Court grant the following relief to the Plaintiff.

a. Defendant be directed to reinstate Plaintiff to his former employment with back wages;

b. Remove any and all debarments, and expunge all such debarments from Plaintiff employment records;

c. Award Plaintiff damages for loss of income and award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and;

Jerry J. Edwards v. Secretary of the Navy, Gordon R. England                    **-3-**
COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;
DEMAND FOR JURY TRIAL

e.   Grant   such   relief   as   may   be   appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated this _____ 12th _____ day of February, 2002.

                              LAW OFFICE
                              THOMAS M. TARPLEY, JR.


                         By: _____
                              RON MORONI,
                                Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff asserts his right under the Seventh Amendment to the U.S. Constitution and demand a trial by jury on all issues, in accordance with Fed. R. Civ. P. Rule 8.

Dated this _____ 12th _____ day of February, 2002.

                              LAW OFFICE
                              THOMAS M. TARPLEY, JR.


                         By: _____
                              RON MORONI,
                                Attorneys for Plaintiff

Jerry J. Edwards v. Secretary of the Navy, Gordon R. England          **-4-**
COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;
DEMAND FOR JURY TRIAL

Case 1:02-cv-00003     Document 1     Filed 02/12/2002     Page 4 of 22



**DEPARTMENT OF THE NAVY**
NAVAL COMPLAINTS ADMINISTRATION
AND REVIEW DIVISION
NEBRASKA AVENUE COMPLEX
321 SOMERS COURT NW SUITE 40102
WASHINGTON DC 20393-5452

NOV 14 2001

Mr. Jerry J. Edwards
c/o Kae Takada
3-11-4 Nakazawa Asahi-Ku
Yokohama 241-0814
JAPAN

Re:  DON Nos. 99-61581-003
     EEOC No. 370-00-X2460
     NAVCARD No. 02-026

Dear Mr. Edwards:

This is the Department of the Navy's Final Order on your Equal Employment Opportunity (EEO) complaint filed April 23, 1999. At the time of the incidents giving rise to your complaint, you were employed as a Recreation Aid, NF-1, by the Morale, Welfare, and Recreation Department, Commander, Fleet Activities, Yokosuka, Japan.

You claimed you were discriminated against based on your race (African-American), color (black), and in reprisal for prior EEO activity when you were issued a letter dated January 20, 1999, recommending your debarment from the Yokosuka Base effective February 1999 resulting in your termination or constructive discharge from your civilian employment.[1]

The Department of Defense, Office of Complaint Investigations, investigated your complaint. You were provided a copy of the Investigative File and notified of your right to request a Secretary of the Navy Decision or a hearing and decision from an Administrative Judge (AJ) from the Equal Employment Opportunity Commission (EEOC). 29 C.F.R. § 1614.110. You requested a hearing.

---

[1] The AJ amended the issues in your complaint to include your claim that based on your race and color, Security recommended that you be debarred from working at the Yokosuka Naval Base pursuant to a 1998 security investigation of your background. AJD at 2-3. However, the AJ dismissed this claim since it was a recommendation and was never implemented. AJD at 7, 9.

On June 4, 2001, the AJ held a hearing on your complaint. Copies of the AJ Decision (AJD) and Hearing Transcript were received in this Office on October 1, 2001. The AJ found that you were not discriminated against as alleged.

The Department of the Navy will fully implement the AJD as the final action in this matter. Since you are not a prevailing party, you are not entitled to payment of attorney's fees, costs, or compensatory damages. No corrective action is required, pursuant to 29 C.F.R. § 1614.501.

This is the Final Order of the Department of the Navy on your complaint of discrimination. If you are dissatisfied with this action, you have the following rights:

<u>YOUR RIGHT TO GO TO EEOC</u>

a. You may file a Notice of Appeal with the Equal Employment Opportunity Commission at any time up to thirty (30) calendar days after receipt of this Final Order. Such notice should be addressed to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, DC  20036

As an alternative to mailing your appeal, your appeal may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 1801 L Street, NW
> Washington, DC  20507

As a further alternative, you may send your appeal by fax to:

> (202) 663-7022.

If you are represented by an attorney of record, the thirty (30) day time period within which to appeal shall be calculated from the receipt of the Final Order by the attorney. In all other cases, the time within which to appeal shall be calculated from your receipt of the Final Order. You should use EEOC Form 573, Notice of Appeal, and indicate what you are appealing. A copy of the appeal form is enclosed.

2

An appeal shall be deemed filed on the day it is postmarked, or, in the absence of postmark, on the date it is received by the Commission. Any statement or brief in support of the appeal must be submitted to the Commission within thirty (30) calendar days of the filing of the Notice of Appeal.

At the same time you provide information to the Commission, you MUST send a copy of the submission to the Activity and to the Deputy Assistant Secretary of the Navy (DASN). The copy to the Activity should be sent to the attention of the EEO Officer. The copy to the DASN should be sent to: Department of the Navy, Director, Naval Complaints Administration and Review Division, 321 Somers Court NW, Nebraska Avenue Complex, Suite 40102, Code DP8, Washington, DC 20393-5452. Service upon the Department of the Navy of any statement or brief in support of your appeal is mandatory.

In or attached to the appeal to the Commission, you must certify the date and method by which service was made on the Activity and the DASN.

b. The thirty (30) day time limit within which a Notice of Appeal must be filed will not normally be extended by the Commission. However, the Commission may, at its discretion, extend the time limit and accept the appeal upon a written statement from you explaining why your appeal should be accepted despite its untimeliness. If you cannot satisfactorily explain why your untimeliness should be excused in accordance with § 1614.604, the Commission may dismiss your appeal.

### YOUR RIGHT TO GO TO FEDERAL COURT

c. <u>Deadline to File Suit</u>. In lieu of appeal to the Commission, you may file a lawsuit in the appropriate United States District Court.

You are authorized under Title VII, the Age Discrimination in Employment Act (ADEA) and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(1) within ninety (90) days of receipt of the Final Order on an individual or class appeal if no appeal to the Commission has been filed;

(2) within ninety (90) days of receipt of the Commission's final decision on appeal; or,

3

(3)   after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

You must file the lawsuit <u>WITHIN NINETY (90) DAYS</u> of the date of receipt of this Order, unless you have appealed your case to the Commission.   Failure to file your lawsuit within ninety (90) days of receipt of this Order may result in the dismissal of your suit.   Filing a civil action under 29 C.F.R. § 1614.408 or 29 C.F.R. § 1614.409 shall terminate Commission processing of the appeal.   If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

d.   <u>Special Deadline for Age Discrimination Suits</u>.   As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), not only must you file suit within thirty (30) days of receipt of this Order, you <u>MAY</u> only have <u>SIX YEARS FROM THE DATE OF THE ALLEGED DISCRIMINATION TO FILE</u> allegations of age discrimination in a lawsuit.   See <u>Lehman v. Nakshian</u>, 453 U.S. 156 (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401.   Filing an appeal to the Commission will not stop that time from running.   If the time limit is close to expiring, you should consider whether or not you wish to file a civil suit.   You may be barred from filing such a suit, should you allow the time limit to expire, even if you have an appeal in process with the Commission.

e.   <u>Who is the Proper Defendant</u>.   If you file a lawsuit, you must sue the Secretary of the Navy by name and title. Presently, the proper defendant is, Gordon R. England, "Secretary of the Navy."   Failure to list Mr. England's name and his title may result in the dismissal of your case.   Rule 25(d)(2), Federal Rules of Civil Procedure.   Only the Secretary of the Navy is a proper defendant under Title VII of the Civil Rights Act of 1964, as amended.   42 U.S.C. 2000e-16(c).   Do not sue your supervisor, your unit, your base commanders, or the Department of the Navy.

## YOUR RIGHT TO COUNSEL

f.   If you choose to file a lawsuit and you do not have an attorney or are unable to obtain one, you may request the court to help you locate an attorney to represent you.   The clerk's office of the nearest U.S. District Court is the best place to contact in order to find out if the court can help you locate an attorney.   If you cannot afford an attorney, the clerk's office

4

will explain how you may request the court to appoint an attorney to represent you without payment of any fees or costs. If you need this kind of help, you should contact the court as soon as possible, but no later than ninety (90) days from the date you receive this order. <u>YOUR NINETY (90) DAYS TO FILE SUIT WILL NOT BE TOLLED WHILE YOU ATTEMPT TO GET AN ATTORNEY. IF YOU ARE GOING TO FILE A LAWSUIT, YOU MUST DO SO IN NINETY (90) DAYS WITH OR WITHOUT AN ATTORNEY.</u>


ARMANDINA C. SEXTON
Director
Naval Complaints Administration
& Review Division

Enclosure:
(1) EEOC Appeal Form 573

Copy to: (w/o encls.)
Director, Human Resources Office Yokosuka
ATTN: Deputy EEO Officer *Mark Nelson*
(Yokosuka, Japan)
PSC 473, Box 22
FPO AP 96349-0009

Human Resources Office Yokosuka
ATTN: Randolph A. Manese, Esq.
Employee Relations & Services Division
PSC 473, Box 22
FPO AP 96349-0009

U.S. Equal Employment Opportunity Commission
ATTN: Daniel E. Leach
San Francisco District Office
901 Market Street, Suite 500
San Francisco, CA 94103

Copy to:
Kent Eldridge, Esq.
1100 N. Shartel
Oklahoma City, OK 73103-2618


RW/TC

5

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**SAN FRANCISCO DISTRICT OFFICE**
**901 MARKET STREET, SUITE 500**
**SAN FRANCISCO, CA 94103**

September 18, 2001

Secretary of the Navy
NAVCARD Code DP8
3801 Nebraska Ave. NW
Washington, DC 20393-5451

RE: <u>Edwards v. Navy</u>, EEOC No. 370-00-X2460; Agency No. HON-99NA-0089-E

Dear Mr. Secretary:

Enclosed is my Decision finding no discrimination on the complaint in the above matter pursuant to 29 C.F.R. § 1614.109(i). The hearing record is also enclosed. By copy hereof, complainant's counsel has been furnished a copy of the hearing transcript, along with my Decision. Complainant and the agency counsel have also been furnished a copy of my Decision. We have taken steps to close our files. Please contact me at 415-356-5057 should you have any questions.

Sincerely,

Daniel E. Leach
Administrative Judge

cc: (w/ enclosure)

Jerry J. Edwards
C/O Kae Takada
3-11-4 Nakazawa Asahi-Ku
Yokohama 241-0814
JAPAN

Kent Eldridge, Esq.
1100 N. Shartel
Oklahoma City, OK 73103-2618

Randolph Manese, Esq.
Foreign Labor Office
PSC 473, Box 22
FPO AP 96349-0009

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
901 MARKET STREET, SUITE 500
SAN FRANCISCO, CA 94103

| | | |
|---|---|---|
| COMPLAINT OF | ) | |
| | ) | EEOC NO. 370-00-X2460 |
| Jerry J. Edwards, | ) | |
| | ) | |
| | ) | AGENCY NO. HON-99NA-0089E |
| Complainant, | ) | |
| | ) | |
| v. | ) | |
| | ) | DECISION |
| Gordon R. England, Secretary, | ) | ISSUED PURSUANT TO |
| Department of the Navy, | ) | 29 CFR § 1614.109(i) |
| | ) | |
| Respondent Agency. | ) | |
| | ) | |

COMPLAINANT'S REPRESENTATIVE:      Kent Eldridge, Esq.

AGENCY REPRESENTATIVE:      Randolf A. Manese, Esq.

ADMINISTRATIVE JUDGE:      Daniel E. Leach

REFERENCE CODES:      IR: Investigative Report
HT: Hearing Transcript
HE: Hearing Exhibit
AJE: Administrative Judge Exhibit

## I.  INTRODUCTION

I conducted a hearing on the complaint herein pursuant to 29 CFR § 1614.109 of the Commission's regulations on June 4, 2001 at Yokosuka, Japan. Complainant testified along with James Wylie, Robert O'Neill and Steven Moore. Complainant's Exhibits C1 and C2, agency Exhibits A1, A2 and A3, and Administrative Judge Exhibit AJE 1 were admitted into the record. Upon completion of the hearing, the record remained open for the purpose of submitting closing statements. AJE: 2. The following constitutes my Decision on the complaint of discrimination filed by Jerry J. Edwards against the U.S. Department of the Navy.

## II.  PROCEDURAL CHRONOLOGY

The complainant has timely complied with all procedural requirements of the Federal EEO complaint process and the agency requested the appointment of an EEOC Administrative Judge. Therefore, I have jurisdiction to consider this matter and to issue a Decision herein pursuant to 29 C.F.R. § 1614.109(i).

## III.  ISSUES

Whether complainant has established by a preponderance of the evidence, including the testimony of the witnesses, that he was prohibited ("debarred") from working on the Yokosuka Naval Base effective January of 1999 because of his race (African American), color (Black) or prior EEO activity?

**Amendment.**

In October of 1998, complainant sought counseling on a previous claim that, because of his race or color, the agency recommended that he be debarred from working on the base pursuant to

2

a 1998 security investigation of his background. It appears from the record that although EEO counseling was sought concerning this recommendation, counseling was never completed and that complainant was never notified of his right to file a complaint. See, 29 C.F.R. § 1614.104. At the same time, it is clear from the record that complainant seeks to continue to press this 1998 claim. HT: pp. 20-60; IR: IR: Ex. F9. For these reasons, and because the 1998 matter is like and related to the issues before me and involves the same officials, the claim involving this 1998 debarment recommendation will be treated as an amendment to the complaint herein.

## IV.   APPLICABLE LAW

Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (Title VII), prohibits discrimination in federal employment based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-16.

Pursuant to the regulations of the Equal Employment Opportunity Commission, no person shall be subject to retaliation for opposing any practice made unlawful by Title VII, the Age Discrimination in Employment Act, the Rehabilitation Act, or the Equal Pay Act, or for participating in any stage of administrative or judicial proceedings under those statutes. 29 CFR § 1614.101(b); Smith v. Secretary, Department of the Navy, 659 F.2d 1113 (D.C. Cir. 1981).

**The Order of Proof in Discrimination Cases.**

In any judicial or administrative proceeding involving an allegation of discrimination, it is the burden of complainants initially to establish that there is some substance to their claim. This means that the complainant must present evidence creating a prima facie inference which, if not rebutted, would permit a finding that unlawful discrimination had occurred. McDonnell Douglas

3

<u>Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Furnco Construction Co. v. Waters</u>, 438 U.S. 567 (1978).

A complainant may establish a <u>prima</u> <u>facie</u> case of disparate treatment with circumstantial evidence that raises an inference that the agency's actions were based on a proscribed factor, such as by showing that he is a member of a protected class, was subjected to adverse treatment by the agency, and was treated less favorably than similarly situated persons not within his protected class. <u>Perryman v. Johnson</u>, 698 F.2d 1138 (11th Cir. 1983). A similarly situated person is one whose employment situation is nearly identical in all relevant aspects to that of the complainant. <u>O'Neal v. Postmaster General, United States Postal Service</u>, EEOC No. 05910490, 92 FEOR 3011 (July 23, 1991).

To raise an inference of discriminatory retaliation, the complainant must show (1) participation in an activity protected under Title VII or a related statute, (2) knowledge of that activity by the decision-maker, (3) an adverse action against the complainant, and (4) a causal connection between the protected activity and the agency's adverse action. A causal connection may be established by showing that the protected activity was followed closely by discriminatory treatment, that the agency treated the employee differently from similarly situated employees who had not participated in EEO activity, or that the agency treated the complainant differently than it treated him before he engaged in the protected activity. <u>Johnson v. Palma</u>, 931 F.2d 203 (2d Cir. 1991). See, <u>Cohen v. Fred Meyer, Inc.</u>, 686 F.2d 793 (9th Cir. 1982) (Title VII model of proof applies to claims of retaliation).

Once the complainant establishes a <u>prima</u> <u>facie</u> case, the agency has the burden of production to clearly set forth the reasons for its adverse action against complainant. The explanation provided

<u>Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Furnco Construction Co. v. Waters</u>, 438 U.S. 567 (1978).

A complainant may establish a <u>prima</u> <u>facie</u> case of disparate treatment with circumstantial

must be legally sufficient to justify a judgment for the agency. <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981).

If the agency satisfies its burden of production, the complainant must demonstrate that the reason or reasons articulated for any adverse action are not the true reasons but are a pretext for discrimination. <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 512 (1993). The complainant has the ultimate burden of proving by a preponderance of the evidence that a factor made unlawful under Title VII played a motivating role, or made a difference, in the adverse employment action. <u>McDonnell Douglas Corp. v. Green</u>, <u>supra</u>; <u>St. Mary's Honor Center v. Hicks</u>, <u>supra</u>; <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000).

## V.    ANALYSIS

At all times relevant to the matters alleged in the complaint herein, complainant worked for the agency's Morale, Welfare and Recreation Division as a recreation aid at the Thew Gymnasium on the Yokosuka Naval Base in Yokosuka, Japan. Effective January, 1999, complainant was debarred from entering Yokosuka Naval Base for two years by order of James Wylie, Commander of Fleet Activities. The basis of this prohibition was the investigation of an incident which occurred on January 11, 1999, where it was found that complainant had been detained by shore patrol officers outside a bar with an opened bottle of beer in his hand, that he was "drunk and disorderly, and had communicated a threat toward shore patrol personnel." IR: F4. HT: pp. 65-90. Base security forces were informed, complainant was taken into custody, and then released.

Complainant does not dispute these findings generally, or offer evidence that they were issued or motivated by his protected status. Indeed, one of the shore patrol officers involved was

5

an African American. IR: F9; HT: pp. 8-61. Complainant believes this action is discriminatory, however, because the prohibition/debarment constituted an excessive punishment in relation to the inconsequential nature of the offense; it exceeded the scope of punitive actions taken in cases involving similar offenses by similarly situated employees of a different protected status; or, because Wylie relied in this instance on a debarment recommendation made by Master Chief Steven Moore, a base security official whom complainant believes was racially motivated.

At the outset, it is noted that complainant is a most credible witness; articulate, honest and straightforward in his testimony. He is, nonetheless, unable to meet his burden of proof in this case based on the evidence of record, including the testimony of the witnesses. For example, with respect to complainant's assertion that the debarment was inappropriate or that it exceeded that imposed against similarly situated individuals in cases involving similar offenses, the undisputed evidence of record demonstrates otherwise. A record of debarment proceedings for the period from January 1998 to December 2000 introduced into evidence indicates that, in addition to the debarment involving complainant, 17 debarments or base prohibitions were ordered against individuals for offenses similar to the alcohol and assault offenses found to have here been committed by complainant. This record also indicates that most of the debarments imposed were of permanent duration and involved individuals of all races. HE: C3; HT: pp. 64-123.

With respect to complainant's assertion that Master Chief Moore exhibited racial animus towards him in this case, complainant offers no evidence, and the record contains no evidence, indicating the existence of such motivation. Moore testified that he became the security officer at the Yokosuka Base in July of 1998 and that his initial contact with complainant occurred in August

6

of 1998, when he was asked to conduct a background security investigation with respect to complainant's fitness for Base employment as a civilian. According to Moore, this investigation revealed that complainant's past offenses and charges as contained in public records included questionable circumstances surrounding complainant's separation from military service, alcohol-related misconduct, and a local police report of an assault on a Japanese national, all of which rendered complainant a security risk in Moore's opinion, warranting his being barred from working on the Base. Moore recommended such a Base prohibition, he testified, because, among other reasons, such action was in keeping with the personnel security advice and recommendations he was accustomed to making in the position he held as security officer just prior to his assignment to the Yokosuka Base. HT: pp. 135-165.

Although complainant claims Moore's action in making this initial debarment recommendation constituted discrimination, Moore denies that he was aware of complainant's race or color at the time of the security investigation and, under rigorous cross-examination, testified compellingly that he made the recommendation based solely on his review of the public records related to complainant. Complainant has offered no evidence indicating that he ever had any personal contact with him prior to Moore's making his initial debarment recommendation. HT: pp. 130-168. AJE: 2. That Moore's recommendation for such severe action was not accepted is immaterial under these circumstances, since Moore could not have had any discriminatory motive against complainant when he was unaware of complainant's race at the time. Moreover, because the claim involves a recommendation to take action as indicated above – a recommendation which was never implemented – it does not constitute an adverse personnel action and it must be dismissed.

7

See, 29 C.F.R. § 1614.107(a)(5).

With respect to Moore's recommendation for a permanent bar following the investigation of the incidents occurring January 11, 1999, fleet commander Wiley reduced it to two years, testifying that he and O'Neill, his attorney, decided that a policy of two year debarments for these types of offenses was more appropriate than a permanent bar. Moreover, O'Neill testified that the two year period was more appropriate because it recognized that complainant was capable of rehabilitation. Indeed, the documentary evidence of record reflects that beginning with the January 1999 debarment action involving complainant, the duration of debarment periods in other similar cases diminished; i.e., there were fewer permanent debarments and more debarments of a two year duration similar to the one imposed against complainant. HT: pp. 65-123; HE: A3.

Finally, other than speculation, there is no credible evidence of record, including witness testimony, that Moore, Wiley or O'Neill harbored any racial animus in this case or that race, color or reprisal were motivating factors. O'Neill, who worked closely with Moore, testified that while Moore was extremely intense, and, "as a policeman, targeted those engaged in misconduct," Moore never exhibited racism or uttered racial epithets, or conducted himself other than in a professional manner. HT: pp. 120-127.

Based on all of the above, I conclude that complainant is unable to establish a prima facie case of discrimination based on race or color because he cannot demonstrate that similarly situated civilian employees were treated differently with respect to base debarments in the face of similar misconduct investigative findings. With specific reference to his case based on reprisal, and even if complainant were able to establish a prima facie case of race or color discrimination, the evidence

8

of record, as noted above, demonstrates that the agency has met its burden by clearly setting forth its reasons for taking the adverse action at issue: Debarment was warranted because of complainant's record of misconduct which posed a security risk to the base in question. <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981). He was treated the same as others in similar circumstances and there is no evidence of pretext.

Thus, for all of the above reasons, I find that complainant has failed to meet his burden of proof in seeking to establish that a factor made unlawful under Title VII, or that reprisal for prior EEO activity, played a motivating role or made a difference with respect to the agency actions taken in this case. <u>McDonnell Douglas Corp. v. Green</u>, <u>supra</u>; <u>Cohen v. Fred Meyer, Inc.</u>, <u>supra</u>.

## VI. DECISION

Having thoroughly reviewed all of the evidence of record, including the testimony of the witnesses, I conclude that complainant has failed to meet his burden of establishing by a preponderance of the evidence that he was prohibited or debarred from working on the Yokosuka Naval Base effective January of 1999 because of his race (African American), color (Black) or prior EEO activity. Complainant's claim that a 1998 recommendation to debar him was based on his race or color is dismissed. 29 C.F.R. § 1614.107(a)(5).

## VII. NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. §1614.109(i). EEOC regulations require the Agency to take final action on the complaint by issuing a final order within 40 calendar days of receipt of the hearing file and this decision. The Agency's final order shall notify the complainant whether or not the Agency will

9

fully implement this decision, and shall contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. **With the exception detailed in the next paragraph, complainant may not file an appeal to the Commission directly from this decision.** Rather, complainant may appeal to the Commission within 30 calendar days of receipt of the Agency's final order concerning its implementation of this decision. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached to the final order. Complainant may only appeal directly from this decision in the event that the Agency has **not** issued its final order within 40 calendar days of its receipt of the hearing file and this decision. In this event, the complainant should append a copy of the Administrative Judge's decision to the appeal. The complainant should furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the opposing party.

      All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:    Director, Office of Federal Operations
                    Equal Employment Opportunity Commission
                    P.O. Box 19848/Washington, D.C. 20036
                    Fax No. (202)663-7022 (Facsimile transmissions
                    over 10 pages will not be accepted).

      For further guidance regarding appeals, the parties may consult 29 C.F.R. §1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110. These documents are available on the EEOC's website at EEOC.GOV.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. §1614.504, an Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within 30 calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least 35 calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within 30 calendar days of receiving the notice of appeal.

Date: 9/19/01

Daniel E. Leach, Administrative Judge

## Certificate of Service

I hereby certify that on the 19th day of September 2001, I mailed my Decision and the hearing record to the agency, served a copy of my Decision and the transcript on the complainant, and furnished a copy of my Decision to the agency counsel.

Daniel E. Leach, Administrative Judge

12