LAW OFFICES
## TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
American Life Building
137 Murray Boulevard, Ste 201
Hagåtña, Guam 96910-5104
Telephone: (671) 472-1539
Fax: (671) 472-4526

*Attorney for* Plaintiff

FILED
DISTRICT COURT OF GUAM
DEC 0 6 2002
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JERRY J. EDWARDS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SECRETARY OF THE NAVY, )<br>GORDON R. ENGLAND, )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. 02-00003<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO MODIFY SCHEDULING ORDER** |

PLEASE TAKE NOTICE that on the 17th day of January, 2003, at 10:00 a.m., the Plaintiff will move this court for an order:

1. Compelling defendant to produce documents properly requested pursuant to rule 30 of the rules of civil procedure; and

2. Modifying the existing scheduling order stipulated by the parties and ordered by the court.

3. Allowing Plaintiff to file this motion out of time.

This motion is based on the court papers on file herein, on the following memorandum of points and authorities, and on the declaration of plaintiff's counsel.

ORIGINAL

## MEMORANDUM OF POINTS AND AUTHORITIES

The scheduling order issued by this court, stated that all discovery shall be completed by October 30, 2002, and discovery motions shall be filed by November 30, 2002.

On September 25, 2002, Plaintiff served on the defendant, its first request for production of documents. Defendant was required to produce the required documents within thirty (30) days or by October 25, 2002. To date, Defendant has not produced any of the requested documents.

Plaintiff's counsel and Defendant's counsel have been communicating regarding this production. Most of the documents are located in Japan. Between October 21, 2002 and October 25, 2002, Plaintiff's counsel traveled to Japan to interview witnesses and also to review the documents. However, at that time, Defendant was not able to have the documents ready for review.

Since that time, Defendant's counsel has assured Plaintiff's counsel that he is making an effort to obtain the requested documents. The undersigned accepts defendant's counsel's representations and is certain that the documents will eventually be produced. However, because of deadlines set by the scheduling order, Plaintiff has no choice but to file a motion to compel the production of the documents. Plaintiff needs the documents to prepare dispositive motions which are presently due on January 31,

2003. Plaintiff asks this court to set a date certain, by which the Defendant must produce the documents. Plaintiff also requests that the existing scheduling order be modified, to extend the deadline for filing dispositive motions. Plaintiff requests that the date for filing dispositive motions be set at a date, at least thirty (30) days, after the date upon which the defendant is required to produce the requested documents. The Plaintiff further requests that other deadlines in the scheduling order be modified, as appropriate.

This motion is based on rule 37, which gives the court the authority to compel the production of documents. Plaintiff's counsel accepts the Defendant's counsel's representation that Defendant is attempting in good faith, to provide the requested documents, and therefore is not seeking attorney's fees or additional sanctions at this time.

Dated this 4th day of December, 2002.

LAW OFFICES
TARPLEY & MORONI, LLP

By: /s/ Ron Moroni
Ron Moroni,
Attorneys for Plaintiff