LAW OFFICES
# TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
American Life Building
137 Murray Boulevard, Ste 201
Hagåtña, Guam 96910-5104
Telephone: (671) 472-1539
Fax: (671) 472-4526

Attorney for Plaintiff

FILED
DISTRICT COURT OF GUAM
MAR 11 2003
MARY L. M. MORAN

UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JERRY J. EDWARDS, ) | CIVIL ACTION NO. 02-00003 |
| Plaintiff, ) | |
| vs. ) | **DECLARTION OF COUNSEL** |
| SECRETARY OF THE NAVY, ) GORDON R. ENGLAND, ) | |
| Defendant. ) | |

I Ron Moroni, under the penalty of perjury under the laws of Guam hereby declare as follows:

1. I am the attorney for the Plaintiff herein. I have personal knowledge of the facts contained in this declaration.

2. This lawsuit concerns a claim by Jerry Edwards, that he was discriminated against by the Security Officers at the Yokosuka Naval Base in Japan when they issued an order debarring him from access to all military bases. In particular, Mr. Edwards alleges that his disbarment was the result of discrimination on the part of security officer, Master Chief Moore. This discrimination resulted

ORIGINAL

in his termination from his employment at Yokosuka Naval Base. It is Mr. Edwards' contention that he was discriminated against on the basis of race. He further contends of the security officers, and in particular, M.C. Moore, engaged in a regular practice of discriminating against civilian employees, on the basis of their race. In order to prove his case, Mr. Edwards, will need to demonstrate, among other things, that the officers involved had a demonstrated racial bias, or a pattern and practice of racial bias.

3. Between October 23 and 25, 2002, I traveled to Japan, in order to interview witnesses related to this claim. Mr. Edwards was aware of a number of witnesses that possessed information, indicating that Master Chief Moore, had a demonstrated racial bias against blacks and other minorities.

4. All of the witnesses that Mr. Edwards identified were black men that had formerly served in the Military in Japan. Most of these men were still residing in different parts of Japan, and working as civilian contract employees. Mr. Edwards had not maintained regular contact with these men, but was able to locate them by driving to the city or base where they were working, and locating them through mutual acquaintances.

5. During my three days in Japan, I interviewed approximately 5 individuals, that were able to establish that Master Chief Moore, had a strong reputation as being hostile

towards and discriminatory against blacks. One of the men, Dennis Morgan, was able to state that he had personal experiences with Moore which, I believe, established Moore's racial bias. However, Mr. Morgan moved from Japan shortly after my trip. We only recently located him in Texas. He has indicated that he will prepare an affidavit, and send it to us. The other people I interviewed had anecdotal information, but were able to provide me with leads as to where I could find individuals that could testify about specific incidents involving M.C. Moore, which demonstrate racial bias on Moore's part. I was not able to follow up on these leads in the short time I was in Japan. It became clear to me from this trip that witnesses with relevant information are scattered across Japan, and can be located, but only with considerable effort.

6. In order to obtain the affidavits necessary to oppose a motion for summary judgment, I will need to travel to Japan, and work with Mr. Edwards to locate the relevant witnesses. I will not be able to obtain the necessary affidavits by phone contact or email. Further, I cannot practically begin this process until after a motion has been filed, and I am able to determine what facts need to be established. I can then work with Mr. Edwards to locate necessary witnesses. Unfortunately, I am not able to travel to Japan until late May or early June.

7. Under the present schedule, dispositive motions are due on March 31, 2003, with my response due on April 15, 2003. This would only give me 15 days to locate witnesses and obtain their affidavits. For the reasons explained above, this will not be sufficient time. It is for this reason that I am asking that the scheduling order be amended.

8. Mr. Lynch has indicated to me that he desires a 60 day entension for the filing of dispositive motions because of the impending military deployment, resulting in competing demands on his time.

Dated this 10th day of March, 2002.

_____
Ron Moroni