ORIGINAL

FREDERICK A. BLACK
United States Attorney
EDWARD J. LYNCH
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America



IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JERRY EDWARDS, | CIVIL CASE NO. 02-00003 |
| Plaintiff, | |
| v. | |
| GORDON ENGLAND, SECRETARY OF THE NAVY, | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

A. **Introduction**

To successfully oppose Defendant's Motion for Summary Judgment, Plaintiff, Jerry Edwards (Edwards) must present more than a scintilla of evidence. Walker v. Shansky, 28 F.3d 666, 671 (7th Cir. 1994). He must designate specific facts, rather than conclusory allegations, showing a genuine issue that might affect the outcome of this suit. Beck Oil Co., Inc. v. Texaco Ref. & Mktg., Inc., 25 F.3d 559, 561 (7th Cir. 1994); See Also, Mills v. First Federal Sav. & Loan Ass'n of Belvidere, 83 F.3d 833, 840 (7th Cir. 1996). In the present case, Edwards has failed to present any admissible evidence demonstrating the existence of any genuine issue of material fact or advance any persuasive argument against entry of summary judgment. Accordingly, a trial is not necessary and defendant's summary judgment motion should be granted.

B. <u>Argument</u>

1. **<u>Plaintiff Has Never Cited An Employment Action Cognizable Under Title VII.</u>**

Edwards alleges that he suffered from unlawful discrimination when the Assistant Security Officer, Master Chief Master at Arms Moore recommended permanent debarment from military installations in Japan. Said recommendation was not followed. In fact, Edwards was treated less harshly than individuals similarly situated. Edwards has not establish a prima facie case of disparate treatment. Edwards must establish that: 1. he was a member of a protected class; 2. he suffered an adverse employment action; and 3. similarly situated employees were more favorably treated. <u>Rutherford v Harris County,</u> 197 F3d 173, 184 (5th Cir. 1999). First, Edwards has failed to allege an adverse employment claim. The Title VII provision applicable to federal employees provides that " ...all <u>personnel actions</u> affecting employees .... shall be made free from any discrimination based upon race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16 (emphasis added). Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangible effect upon those ultimate decisions".<u>Dollis v Rubin</u>, 77 F.3d 777,781-782 (5TH Cir. 1995). Actionable adverse actions, to be cognizable under Title VII, must be shown have more than a mere intangible effect on a possible employment decision. The Plaintiff admits that the actions that led to the debarment were not related to his employment. Plaintiff acknowledges that the administrative action to remove him from the base was not related to actions on the job, but were related to law enforcement and international treaty obligations of the United States. The allegations of discrimination by Master Chief Moore, as a law enforcement security officer in Yokosuka Japan, had only an indirect affect on the employment decision of his employer, the United States Navy. Law enforcement related recommendations are not usually cognizable under Title VII unless the Plaintiff can show a clear connection between the action of and his employment. Plaintiff must show how the actions of Master Chief Moore directly affected the employment decisions of the United States. Plaintiff has never shown how the legitimate exercise of the commanding officers authority to issue a debarment order was a pre-textual basis for a racial motivated employment action cognizable under Title VII. Plaintiff has failed to

show how similarly situated individuals were treated differently. The affidavit of the Commanding Officer Captain Wylie remains unchallenged as to the motivation for the decision to debar Mr. Edwards.

2. **Plaintiff's Attempt To Rely On The Alleges Of Others That They May Have Been Subject To Instances Of Race Based Discrimination By Master Chief Moore Fails to support his claim.**

In opposition to the motion for summary judgment, Plaintiff submitted an affidavit containing conclusory allegations similar to the allegations in the complaint. The Court should not allow "a party's otherwise unsupported, conclusory testimony to create a factual dispute sufficient to defeat a motion for summary Judgment". Hathcock v Acme Truck Lines, Inc., 262 F.3d 522 at 526 (5th Cir. 2001). Plaintiff attempts to support his allegations in the complaint with nothing more than conclusory statements concerning Master Chief Moore's reputation in the military community. The affidavit alleges that during a period from approximately 1988 to 1990 and 1990 to 1994, Senior Chief Master at Arms (MASC) Moore had a reputation that he was the perpetrator of various discriminatory actions against black service members on board the USS Bunker Hill, a naval vessel, and at Commander Fleet Activities Yokosuka Naval Station. (Plaintiff's Affidavit) The conclusory allegations add nothing to Plaintiff's case. Rather, Plaintiff's affidavit supports the position of the defendant. Plaintiff in this affidavit, admits that the Commanding Officer, USS Bunker Hill took action to investigate and remedy an allegation of misconduct on the part of Senior Chief Moore. Plaintiff's affidavit shows that the U.S. Navy took appropriate steps to assure that plaintiff and similarly situated individuals were not discriminated against by MASC Moore. Liability is imposed on the United States as an employer only if Plaintiff can show that US Navy is blameworthy in some way. Plaintiff must show that the US Navy knew or should have known of the illegal activity and failed to take remedial actions. In both the case at bar and the allegations in the plaintiff's affidavit, the United States through the respective Commanding Officer independently reviewed the factual basis of the Moore's recommendations and made an independent determination of appropriate action.

The various allegations that plaintiff's affidavit now alleges even if they constitute a

Constitutional violation, were previously raised and investigated and remedied by the U.S. Navy. The allegations that MAMC MOORE recommended actions against individuals for improper motives were appropriately dealt with by either the Commanding Officer USS Bunker Hill or Commanding Officer Fleet Activities Yokosuka. Plaintiff has not alleged that the employer, the U.S. Navy chain of command dealt with allegations in a discriminatory manner. Plaintiff's affidavit clearly shows that the Commanding Officer, USS Bunker Hill disregarded the recommendation of then Senior Chief Moore and decided the issue of disciplinary action in affiant's favor. Plaintiff continues to cite examples where the employers procedural and substantive regulations design to prevent improper actions motivated by discrimination, actually work to prevent such discrimination. The Commanding Officer in each case cited by plaintiff acted independently and correctly upon the factual evidence supporting the allegations. Defendant is at a loss to determine where the actions of the Commanding Officers in question constituted a violation of Title VII.

The Plaintiff cites the case of LAM v. University of Hawaii, 40 F.3d 1551( 9th Cir 1994), in support of his theory that one individual in a chain of command can taint the entire military decision making process. Nothing could be further from the truth. Plaintiff attempts to show a potential Title VII violation in the case at bar by arguing that an individual in the chain of command on a military installations may have been biased. However, Plaintiff fails to recognize the statutory authority of the installation commander and his unique authority over his installation or vessel. Plaintiff's attempted analogy to a university tenure system is inappropriate and is inapplicable here. Plaintiff has failed to demonstrate that the United States Navy ignored an establish on-going system of discrimination perpetrated by MAMC Moore. Plaintiff has failed to demonstrate any on-going policy of discrimination by the United States Navy through intentionally ignoring discriminatory conduct of a subordinate enlisted service member. Plaintiff fails to recognize the lack of decision making authority within the military system of a master chief. It is clear from the facts before the Court that the Commanding Officer did not ignore the facts of each case and he decided each case individually on its merits. Plaintiff has attempted to substitute opinion testimony for any proof of multiple acts of discrimination. Dealing firmly with criminal activity is a legitimate basis for the decision of the military. Allegations of discriminatory bias on the part of MAMC Moore are not

sufficient to overcome the United States military anti-discriminatory policies and the legitimate basis upon which the debarment order rests. The employment actions at issue were all dealt with by senior officers in the chain of command and not by master chief Moore. Fitzgerald v. Henderson, 251 F.3d, 345 (2d Cir. 2001) Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993), cert. denied 511 U.S. 1052 (1994) Butts v. City of New York, 990 F.2d 1397, 1404 (2d Cir. 1993). Under the Fitzgerald line of cases, the continuing violation exception is not available to Plaintiff as there were no specific and related incidents of discrimination that were permitted to continue unremedied for so long as to amount to a discriminatory policy or practice. Fitzgerald, 251 F.3d at 359, 362. In Fitzgerald, Plaintiff alleged that the harassment was "on-going," "repeated," "continuing," and occurred "day to day" over a two and one-half year period. Id. at 363. Here the plaintiff has not provided the Court with any assertions of harassment but as presented are an insufficient sufficient basis for application of the continuing violation exception.

Plaintiff's allegations fall short of the daily escalating harassment in Fitzgerald. Accordingly, Plaintiff has failed to show any actions which the employer has failed to prohibit unlawful activity of its agents.

Dated: May 8, 2003

Respectfully submitted,

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

BY: _____
EDWARD J. LYNCH
Special Assistant U.S. Attorney