LAW OFFICES
# TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
American Life Building
137 Murray Boulevard, Ste 201
Hagåtña, Guam 96910-5104
Telephone: (671) 472-1539
Fax: (671) 472-4526

*Attorney for* Plaintiff

FILED
DISTRICT COURT OF GUAM
JUN - 4 2003
MARY L. M. MORAN
CLERK OF COURT

25

UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| JERRY J. EDWARDS, | ) | CIVIL ACTION NO. 02-00003 |
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL** |
| SECRETARY OF THE NAVY, GORDON R. ENGLAND, | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on _____, 2003, at _____ ___.m., Tarpley & Moroni, LLP (Plaintiffs' counsel) will move the Court to be relieved as counsel of record for Plaintiff.

The Plaintiff, by service of this motion is notified that the local rules of the District Court of Guam provide:

> **GR 19.1 Appearances, Substitutions and Withdrawal of Attorneys.**
>
> (c) Withdrawals. An attorney may withdraw from an action or proceeding only by leave of court for good cause shown, and after serving written

notice reasonably in advance to the client and to all other parties who have appeared in the case. Leave to withdraw may be granted subject to the condition that subsequent papers may continue to be served on counsel for forwarding purposes or on the clerk of the Court, as the judge may direct, unless and until the client appears by other counsel or in propria person, and any notice to the client shall so state and any filed consent of the client shall so acknowledge. The authority and duty of counsel of record shall continue until relieved by order of a judge issued hereunder.

## MOTION

Plaintiff's counsel moves to be relieved as counsel for Plaintiff in this case. This motion is supported by the accompanying Memorandum of Points and Authorities and the Declaration of Ron Moroni.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 1.16(b) of the Guam Rules of Professional Conduct permits an attorney to withdraw from the representation of a client where the client has failed to substantially fulfill an obligation regarding the attorney's services or the continued representation of the client results in an unreasonable financial burden on the attorney.

**Rule 1.16 Declining or Termination of Representation**

\*\*\*

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material

adverse effect on the interests of the client, <u>or</u> if:

(4) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the laywer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

The official comments to the above section provide:

A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.

The local rules of the District Court provide:

**GR 19.1 Appearances, Substitutions and Withdrawal of Attorneys.**

(c) Withdrawals. An attorney may withdraw from an action or proceeding only by leave of court for good cause shown, and after serving written notice reasonably in advance to the client and to all other parties who have appeared in the case. Leave to withdraw may be granted subject to the condition that subsequent papers may continue to be served on counsel for forwarding purposes or on the clerk of the Court, as the judge may direct, unless and until the client appears by other counsel or in propria person, and any notice to the client shall so state and any filed consent of the client shall so acknowledge. The authority and duty of counsel of record shall continue until relieved by order of a judge issued hereunder.

Page 3 of 4

Plaintiff has failed and refused to fulfill obligations to counsel regarding counsel's services. *See* Declaration of Ron Moroni, ¶ 3 (Moroni Dec). Further, continued representation of Plaintiff will result in an unreasonable financial burden on counsel. *See* Moroni Dec., ¶3.

Accordingly, withdrawal is warranted, and Plaintiff's counsel requests that this motion be granted and that he be relieved from further representation of Plaintiff.

Respectfully submitted this 3rd day of June, 2003.

LAW OFFICES
TARPLEY & MORONI, LLP

By: /s/ Ron Moroni
Ron Moroni,
Attorneys for Plaintiff