FILED
DISTRICT COURT OF GUAM
MAR 15 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

JERRY EDWARDS,

    Plaintiff,

vs.

GORDON ENGLAND,
SECRETARY OF THE NAVY,

    Defendant.

Civil Case No. CV02-00003

ORDER

This matter is before the Court on a Motion for Summary Judgment Motion filed by the defendant, Gordon England, Secretary of the Navy. The Court has reviewed the parties' submissions, as well as relevant caselaw and authority. For the reasons that follow, the Court hereby GRANTS the defendant's motion.

## I. FACTS

This action was brought by plaintiff, Jerry Edwards, pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* In his complaint, the plaintiff alleges Title VII Race Discrimination and Retaliation. He states that he was barred from military base access because of his race (African American), color (Black) and due to his prior filing of an EEO Complaint. The debarment resulted in the loss of his employment and limited his ability to obtain employment with any other military bases in Japan.

The plaintiff was a civilian employee of the Department of the Navy at Fleet Activities Japan, Yokosuka, Japan (military base). Specifically, he was employed by the United States Navy's Morale, Welfare and Recreation Department Fleet Activities, as a recreation aid assigned to the Thew Gymnasium. On or about January 20, 1999, Commanding Officer, Captain James Wylie, United States Nave, Commander Fleet Activities Japan issued an order barring the plaintiff from Naval Base Yokosuka for two years.

The basis of the order barring the plaintiff access was an investigation of an off-base incident which occurred on January 11, 1999. On that day, the plaintiff was detained by shore patrol officers outside a bar with an opened bottle of beer in his hand. It was alleged that he was drunk and disorderly and had communicated a threat to shore patrol personnel. One of the shore patrol officers involved was an African American. The plaintiff was taken into custody and then released. The following day, base security was informed of the incident. Master Chief Steven Moore ("Master Chief Moore") recommended that the plaintiff be permanently disbarred from the base. Instead of following that recommendation, Commanding Officer Wylie decided to disbar the plaintiff for a term of two years.

Plaintiff claimed that the action taken was excessive in comparison to the nature of the offense and suggested that the Commanding Officer relied on the recommendation of Master Chief Moore, who was improperly motivated out of racial animus. Believing he was discriminated against, the plaintiff appealed the administrative action. The Department of Defense, Office of Complaint Investigations looked into the matter. The investigation resulted in a finding of no discrimination. The plaintiff appealed the decision to the Equal Employment Opportunity Commission ("EEOC"). The EEOC held a hearing in Yokosuka, Japan and upheld the decision of the Office of Complaint Investigations.

## II. ANALYSIS

The defendant moves for a grant of summary judgment. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary

judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986).

In a Title VII action, it is the plaintiff's initial burden to establish a prima facie case of discrimination by a preponderance of the evidence. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). A plaintiff alleging discrimination under Title VII may proceed under two theories of liability: disparate treatment or disparate impact. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986-87, 108 S.Ct. 2777, 2784-85, 101 L.Ed.2d 827 (1987).

To establish a prima facie case of disparate treatment the appellant needs to provide evidence that suggests that the employment decision was based on an impermissible criterion such as race, color, religion, sex or national origin. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1361 (9th Cir. 1985). To make out a prima facie case of disparate impact, the plaintiff must identify a neutral practice or policy that has a significantly adverse impact on persons of a protected class. Connecticut v. Teal, 457 U.S. 440, 446, 102 S.Ct. 2525, 2530 (1981). Under the disparate treatment theory the focus is on the intent and motivation of the employer whereas intent is irrelevant to a disparate impact theory. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 988, 108 S.Ct. 2777, 2785 (1987).

In this instance, it appears that the plaintiff is proceeding under a disparate treatment theory, stating that he was discriminated against on the basis of race and/or color. In order for the plaintiff to prevail, he must show that his race or color was more likely than not the motivating factor in denying him base access or the defendant's explanation for his decision was not credible. Blue v. Widnall, 162 F.3d 541, 546 (9th Cir. 1998). To establish a prima facie case of discrimination under Title VII, a plaintiff must show that he (1) is a member of protected class; (2) was otherwise qualified for the position or satisfactory performance of the job; (3) an adverse employment decision; and (4) different treatment than those similarly situated outside

of the protected class." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973). F.2d 1367, 1371 (9th Cir. 1990). Once the plaintiff has established a prima facie case, the defendant must articulate a legitimate, nondiscriminatory basis for the action. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S.Ct. 1089, 1093 (1981). Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but a pretext for discrimination. Id.

Applying the McDonnell factors to the circumstances in this instance, the Court finds the plaintiff has failed to make out a *prima facie* case of discrimination. Although the plaintiff meets the first two prongs - he is a member of protected class and was performing his job in a satisfactory manner, the Court does not find that there was adverse action against the plaintiff as a result of any work place activity. Instead the plaintiff's behavior during off hours resulted in losing access to his place of employment. Even if the Court strained to find that that constituted adverse action in his employment, the Court would still be unable to find the fourth prong. The plaintiff has offered no evidence that he was treated differently than those similarly situated outside of the protected class. For example, during the time period between January 1998 to December 2000 there were 50 other individuals who were disbarred from the base for various infractions. The individuals were of all races and some of the debarments were of a permanent nature. The evidence submitted shows that the plaintiff was not treated more harshly, but in fact, may have been treated less severely than others. Accordingly, the Court finds that the plaintiff has not established a *prima facie* case and therefore grants summary judgment to the defendant on the plaintiff's disparate treatment claim.

The plaintiff also makes a claim for retaliation. The plaintiff attempts to create a causal link between his filing a prior EEO complaint and his two-year debarment. To prove a prima facie case of unlawful retaliation, a plaintiff must establish that (1) he engaged in a protected activity, (2) he suffered adverse employment action, and (3) a causal link exists between the two events. Trent v. Valley Electric Assn., 41 F.3d 524, 525 (9th Cir.1994). The plaintiff must establish that "but for" plaintiff's protected activity, he would not have suffered the adverse

employment action. The ultimate burden is to prove by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the adverse action and that but for such activity the plaintiff would not have been subjected to the action. Kauffman v. Sidereal Corp., 695 F.2d 343, 345 (9th Cir.1982) (citations omitted). The plaintiff makes no such showing. He has not presented any evidence linking his prior EEO filing to his debarment. There is no suggestion that Commanding Officer Wylie was aware of the prior EEO filing when he was deciding what disciplinary action should be taken.

Even if the plaintiff could make out a prima facie case of retaliation, the defendant has articulated a legitimate, nondiscriminatory reason for the suspension: the plaintiff's behavior surrounding the January 11, 1999 incident. Commander Wylie chose to bar the plaintiff access to the base for two years because he found conclusive evidence that the plaintiff had been drunk and disorderly and had communicated a threat to a member of Fleet Shore Patrol. The Plaintiff was granted an appeal and reconsideration of the matter by the Commander of the U.S. Naval Forces, Japan and had an Equal Employment Opportunity Commission hearing. Both decided that the suspension was reasonable and appropriate.

Thus, the defendant has articulated a legitimate, nondiscriminatory business reason for disciplining plaintiff. The employer's articulation of a legitimate nondiscriminatory reason serves . . . to shift the burden back to the employee to raise a genuine factual question as to whether the proffered reason is pretextual. Lowe v. City of Monrovia, 775 F.2d 998, 1008 (9th Cir. 1985), *amended*, 784 F.2d 1407 (1986). Plaintiff has not made any showing that would indicate that the reason for the debarment is a pretext for discrimination.

///
///
///
///

## III. CONCLUSION

The Court finds that the plaintiff has failed to present a *prima facie* case of discrimination. Accordingly, the Court hereby GRANTS the Defendant's Motion for Summary Judgment and the Clerk of Court is ordered to entered Judgment in favor of the defendant and against the plaintiff on these issues.

SO ORDERED this 15th day of March, 2004.

_____
JOHN S. UNPINGCO
District Judge